UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOELLEN CHRISTINE NOVAK,

    Plaintiff,

v.

NANCY BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C17-5729 MJP

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Joellen Christine Novak seeks review of the denial of her application for Disability Insurance Benefits. Dkt. 1. Ms. Novak contends the ALJ harmfully erred by partially rejecting the other source statements of Mareth Chromey, a licensed mental health Counselor (LMHC), and Davis Clowers, a psychiatric mental health nurse practitioner (PMHNP). Dkt. 9 at 1. As relief, Ms. Novak contends the Court should reverse the ALJ's decision and remand the case for further proceedings.

The Commissioner disagrees and argues the ALJ provided valid reasons to discount the other sources' opinions, that "Plaintiff is simply asking for a different interpretation of the evidence within the record" and that the Court should therefore affirm the ALJ's decision finding Ms. Novak not disabled. Dkt. 10 at 7. As discussed below, the Court find the ALJ harmfully erred, **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process set forth in 20 C.F.R. Part 404, Subpart P. Appendix 1, the ALJ found:

**Step one:** Ms. Novak has not engaged in substantial gainful activity since May 15, 2012.

**Step two:** Cervical and back strain, left shoulder rotator cuff syndrome, status post left shoulder arthroscopic surgery, anxiety disorder, affective disorder and obesity are severe impairments.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment. *See* 20 C.F.R. Part 404, Subpart P. Appendix 1.

**Residual Functional Capacity:** Ms. Novak can perform medium work; she can occasionally climb ladders, ropes and scaffolds; can frequently reach overhead bilaterally; can frequently handle, finger and feel with the left upper extremity (non-dominant hand); should not be required to drive as a job duty; should have only occasional brief, superficial interactions with the general public and coworkers; and can accept supervision.

**Step four:** Ms. Novak can perform past relevant work as a photocopy machine operator.

**Step five:** Alternatively, Ms. Novak can perform other jobs that exist in significant numbers in the national economy and is therefore not disabled.

Tr. 19-29. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied plaintiff's request for review. Tr. 1. The rest of the procedural history is not essential in determining the outcome of the case and is thus not recounted.

## DISCUSSION

Ms. Novak argues the ALJ erred in evaluating the opinions of Ms. Chromey, LMHC, and Mr. Clowers, PMHNP, who are treating medical "other sources." Only licensed physicians and certain other qualified specialists are considered "[a]cceptable medical sources." 20 C.F.R. § 404.1513(a). In contrast, nurse practitioners and counselors are defined as "other sources," and are not entitled to the same level of deference as acceptable medical sources. *See Molina v.*

*Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *and see* 20 C.F.R. § 404.1513(a)(4); 20 C.F.R. § 404.1527. However, the opinions and evidence from other sources are important and must be evaluated by the ALJ. *See e.g. Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014) (ALJ erred by failing to recognize "other source that can provide evidence about the severity of a claimant's impairments and how it affects the claimant's ability to work"). An ALJ must give germane reasons for discrediting the testimony of other source witnesses. *See Molina*, 674 F.3d at 1111.

In this case, the ALJ summarized the findings of Mr. Clowers and Ms. Chromey. As to Mr. Clowers, the ALJ noted that in a statement dated January 22, 2016, Mr. Clowers opined Ms. Novak had marked limitations in concentration, persistence and pace; extreme limitations in social functioning; and moderate restrictions in activities of daily living. Tr. 26. Mr. Clowers also opined Ms. Novak could not tolerate leaving her home, that focusing on work would cause high levels of anxiety and that she would need unscheduled breaks from performing even a simple, routine job. *Id*.

Turning to Ms. Chromey, the ALJ noted that in an assessment dated January 28, 2016, Ms. Cromey found Ms. Novak's concentration extremely limited due to high anxiety, worry, intrusive thoughts and panic attacks; that Ms. Novak was socially limited due to agoraphobia; that Ms. Novak was unable to drive, be around crowds, leave home except for appointments and was markedly limited in activities of daily living due to poor sleep. *Id.* The ALJ further noted Ms. Chromey's finding that Ms. Novak was markedly limited in her ability to maintain a work schedule or complete a normal workday or workweek due to interruptions from psychological symptoms; had marked social limits due to frequent panic attacks and that Ms. Novak would need to take unscheduled breaks at work due to panic attacks. *Id.* Ms. Chromey further opined

Ms. Novak's agoraphobia would make return to work unlikely. *Id.*

The ALJ rejected the opinions of Mr. Clowers and Ms. Chromey for five reasons. First, the ALJ found the opinions "are mostly based on the claimant's subjective reporting." Tr. 27. Generally if a medical source's opinions are based "to a large extent" on a claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible, the ALJ may discount the source's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) (citing *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)).

Here, the ALJ's finding that the opinions of Mr. Clowers and Ms. Chromey are based mostly on Ms. Novak's subjective reporting is not supported by substantial evidence. Neither source discredited Ms. Novak's complaints or indicated they did not believe her complaints. True, both sources reported what Ms. Novak told them. But this is not a case in which either source merely saw Ms. Novak once and simply parroted back her complaints in forming their opinions. Rather both other sources treated, monitored medications, observed, and examined Ms. Novak's mental health issues for years. Tr. 808, 813, 265-398, 518-711, 754-807.

Additionally, "psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of

psychiatry." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). For this reason, the Court in *Buck* noted "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* Accordingly, the Court finds the record shows Mr. Clower and Ms. Chromey did not render opinions that merely relied upon Ms. Novak's statements but instead reflected the professional mental health treatment they provided to her for years. The ALJ therefore erred in rejecting their opinions on the grounds they were "mostly based" upon Ms. Novka's discredited statements.

Second, the ALJ appears to have rejected Ms. Chromey's opinion on the grounds that it was inconsistent with a statement made by Ms. Novak. The ALJ found Ms. Chromey indicated Ms. Novak was unable to drive even though the "claimant stated she was able to take her daughter to daycare." Tr. 27. Although somewhat unclear, the ALJ appears to rely on statements Ms. Novak made to disability investigators in March 2014. *See id.* (referring to Tr. 25). Substantial evidence does not support the ALJ's finding. Ms. Novak testified at the hearing before the ALJ that she stopped driving in March or May 2014. Tr. 41. She began seeing Ms. Chromey in December 2014. Tr. 813. Thus there is no inconsistency between Ms. Novak's testimony about when she stopped driving and Ms. Chromey's 2016 statement that Ms. Novak does not drive.

The Court notes that the parties fixate upon Ms. Chromey's statement that:

> Joellen's social interactions are extremely limited by her agoraphobia. She doesn't drive, fears crowds & rarely leave her home **except** for appts, errands w/family & to take her daughter to daycare.

Tr. 815 (emphasis added). The parties spar over what this statement means. But as noted above, even assuming the Commissioner's interpretation is correct—that the statement indicates Ms.

Novak does not drive—there is no inconsistency between the statement and Ms. Novak's testimony that she last drove about May of 2014.

Third, the ALJ rejected the opinions on the grounds neither source conducted objective testing. Tr. 27. An ALJ may not reject a diagnosis of mental illness solely for lack of objective findings. *See Regennitter v. Comm'r*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("conclusory reasons will not justify an ALJ's rejection of a medical opinion: 'To say that medical opinions are not supported by sufficient objective findings. . .does not achieve the level of specificity our prior cases have required'") (quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). The ALJ accordingly erred in rejecting the opinions on this basis. The Court notes the Commissioner attempts to add to the ALJ's reasoning by arguing the ALJ properly rejected the opinions as inadequately supported or too brief and conclusory. Dkt. 10 at 6. But the ALJ made no such finding and the Commissioner's argument is thus an improper post hoc contention that the Court cannot rely upon. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

Fourth, the ALJ found Mr. Clower's assessement that Ms. Novak was unable to leave her home to attend treatment is inconsistent with Ms. Chromey's assessment that Ms. Novak had consistently attended treatment. Tr. 27. The ALJ also found inconsistencies in the sources statements as to the side effects of Ms. Novak's medications. *Id.* It is unclear why these two inconsistencies would be a proper basis to reject the **entirety** of the sources' opinion. In any event, the ALJ singled out these two opinions (leaving home and effects of medications) and thus divided the sources' opinions into distinct parts. An ALJ errs when he or she rejects an other source's entire opinion because of inconsistency with evidence in the record, when the ALJ has divided the testimony into distinct parts and determined that only one part of the testimony is inconsistent. *Dale v. Colvin*, 823 F.3d 941, 945–46 (9th Cir. 2016).

And finally the ALJ rejected the opinions because "the claimant's attorney solicited these evaluations in an effort to generate evidence for the current appeal." Tr. 27. The purpose for which medical reports are obtained does not provide a legitmate basis for rejecting them. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). As the Court in *Lester* noted, "'the Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.'" *Id.* (citation omitted). While the Commissioner may introduce evidence of actual impropriety, which would be a valid ground to reject an opinion, no such evidence exists here. The ALJ according erred in discounting the other sources opinions on the grounds they were solicited by counsel.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Mr. Clowers and Ms. Chromey, develop the record, reassess Ms. Novak's RFC as needed and proceed to steps four and five as appropriate.

DATED this 16th day of May, 2018.

Marsha J. Pechman
United States District Judge